**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1293
_____

JALAINE GETHERS,
                                        Appellant

v.

PNC BANK


_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-01559)
District Judge: Honorable Nora Barry Fischer
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 13, 2019
_____

Before:  RESTREPO, ROTH, and FISHER, *Circuit Judges*.

(Filed: May 12, 2020)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RESTREPO, *Circuit Judge*.

Jalaine Gethers appeals the District Court's grant of summary judgment in favor of defendant PNC Bank, as well as the denial of her motions to reconsider and conduct additional discovery. We agree Gethers failed to establish *prima facie* claims of employment discrimination and retaliation and therefore affirm the District Court's ruling. We further hold the Court's refusal to reconsider the judgment or allow for additional discovery did not constitute an abuse of discretion. We therefore will affirm the denial of all relief.

## I.

Gethers, an African American woman, was hired by PNC in 1996. **App. 28a.** She and her coworker Rosalind Jackson processed Automated Clearing House ("ACH") return transactions for PNC. **App. 29a.** Gethers was promoted to the position of Funds Transfer Work Lead on the ACH Returns team in 2010. **App. 28a–29a.**

PNC has a written policy for processing ACH returns to ensure that the bank complies with the Federal Reserve's Regulation E ("Reg E"), which sets forth the requirements for electronic fund transfers. **App. 29a.** PNC's policy dictates that the ACH Returns team wait for the bank's Reg E Dispute Resolution Group to investigate and authorize the consumer return transaction before it reverses the debit. **App. 29a–30a.** While Gethers and Jackson maintain that PNC employees with PNC accounts can submit return transactions directly to the ACH Returns team, PNC insists that employees follow

2

the written procedures for customers and wait for the Reg E Group to authorize the debit. **App. 30a.**

On July 25, 2013, Gethers processed two return transactions for Jackson. Neither dispute that they did not follow PNC's written procedure. **App. 30a.** Gethers' direct supervisor reported their conduct to PNC's Employee Relations Information Center. **App. 31a.** PNC Senior Employee Relations investigator Jean Olenak conducted an internal investigation that revealed that Gethers processed at least nine transactions for Jackson between May and July of 2013 without following PNC's procedure. **App. 31a.** Olenak's investigation concluded that Gethers and Jackson violated PNC's Code of Business Conduct and Ethics ("Code of Ethics"), specifically the provisions regarding conflicts of interest, and she recommended their termination. **App. 31a.** Gethers was terminated August 7, 2013 for violating PNC's Code of Ethics. **App. 33a.**

Gethers filed suit *pro se* alleging that PNC violated Title VII of the Civil Rights Act of 1964 ("Title VII"). **App. 25a.** She argued her firing was discriminatory because other similarly situated employees were not terminated. **App. 33a.** Gethers further alleged her termination was in retaliation for filing a complaint against Duane Fahrion, Operations Manager for PNC's ACH Returns team, after he promoted a white employee instead of Gethers. **App. 36a–37a.** The District Court granted summary judgment in favor of PNC on May 9, 2017. **App. 2a.** Gethers obtained counsel and filed motions to reconsider the judgment and conduct additional discovery. **App. 58a.** The District Court denied both motions on January 23, 2018 and Gethers appealed. **App. 3a, 5a, 73a–76a.**

## II.

The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's order granting summary judgment. *Blunt v. Lower Merion School Dist.*, 767 F.3d 247, 265 (3d. Cir 2014). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). We review the denial of motions for reconsideration and to conduct discovery for abuse of discretion. *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015); *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 235 (3d Cir. 2007).

## III.

The District Court properly granted PNC's motion for summary judgment on Gethers' discrimination claim because she failed to make a *prima facie* claim that discrimination occurred. Under the burden shifting framework established in *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973), a plaintiff alleging employment discrimination must first establish: (1) she belongs to a protected class; (2) she was qualified for the position; (3) she was the subject of an adverse employment action; and (4) the adverse employment action gives rise to an inference of discrimination. *See Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410–11 (3d Cir. 1999) (applying *McDonnell Douglas* to claims under Title VII). If the plaintiff establishes a *prima facie* claim, the

4

burden shifts to the employer to demonstrate a legitimate, nondiscriminatory reason for the employment action. *See McDonnell Douglas*, 411 U.S. at 802.

Gethers failed to show her termination raised an inference of discrimination because she could not establish that PNC treated other Code of Ethics violators outside her protected class more favorably than her. *See Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003) (per curiam) ("The central focus of the prima facie case is always whether the employer is treating some people less favorably than others because of their race . . . .") (internal quotation marks omitted). Instead the record reflected that PNC terminated two other Pittsburgh-area employees, one white and one Asian, for violating the Code of Ethics in 2013, the same year as Gethers. **App. 43a.** Because Gethers failed to state a *prima facie* claim of employment discrimination, the burden of proof did not shift to PNC. If it had, however, we agree with the District Court that Gethers' Code of Ethics violation is a legitimate, nondiscriminatory reason for her termination. **App. 54a.**

The District Court also properly found Gethers failed to state a *prima facie* claim of retaliation. Such a claim requires a plaintiff to show that "(1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the participation in the protected activity and the adverse action." *Carvalho-Grevious v. Del. State Univ.*, 851 F.3d 249, 257 (3d Cir. 2017). To demonstrate the causal connection, a plaintiff can "proffer[] evidence of an employer's inconsistent explanation for taking an adverse employment action, a pattern of

5

antagonism, or temporal proximity 'unusually suggestive of retaliatory motive.'" *Id.* at 260 (quoting, *Shaner v. Synthes*, 204 F.3d 494, 505 (3d Cir. 2000)) (citations omitted).

Gethers was unable to show that complaining to her employer that she was not promoted because of her race, which qualifies as a protected activity, was the likely cause of her termination. *See id.* at 259. Gethers was terminated approximately one year after she raised her complaint against her supervisor Fahrion, **app. 52a–53a,** which does not raise an inference of a connection between her complaint and termination. *See LeBoon*, 503 F.3d at 233 (finding no inference of causation when a gap of three months existed between the protected activity and the adverse action). Again, although Gethers did not succeed in shifting the burden of proof to PNC, we agree with the District Court that her retaliation claim could not have overcome the fact that violating PNC's Code of Ethics was a legitimate ground for her dismissal.

The District Court did not abuse its discretion in denying Gethers' motion to reconsider the grant of summary judgment where Gethers failed to allege grounds for relief. *See Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) ("[A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."). The purported new evidence Gethers submitted with her motion, a handwritten note from investigator Olenak, had been discovered previously and, in any event, would not have established a *prima facie* case for her claims. **App. 66–67a, 72a.**

6

That Gethers retained counsel to file the motion does not entitle her to litigate issues known at the time of the summary judgment proceedings. *See id.* at 677.

Lastly, the District Court's denial of Gethers' motion to conduct discovery did not constitute an abuse of discretion. Gethers sought to reopen discovery eight months after discovery ended, well after the grant of summary judgment in favor of PNC. **App. 58a, 74a–76a.** Again, the fact that Gethers retained counsel after her case had been decided did not establish the "good cause" necessary to warrant additional discovery. *See* Fed. R. Civ. P. 16(b)(4) (prescribing that a discovery "schedule may be modified only for good cause"); *see also LeBoon*, 503 F.3d at 235.

## IV.

For the foregoing reasons, we will affirm the judgments of the District Court.